IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIGUEL A. ARROYO, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> CLAUDE MAYE, ) <br> ) <br> Respondent. ) <br> ) | CIVIL ACTION <br><br> No. 15-3155-KHV |

**MEMORANDUM AND ORDER**

Petitioner, a prisoner in federal custody, seeks habeas corpus relief under 28 U.S.C. § 2241. He challenges the loss of Good Conduct Time ("GCT") in administrative disciplinary action.

**Background**

Petitioner is subject to the inmate discipline program of the Federal Bureau of Prisons ("BOP"). Under that program, BOP staff may impose sanctions on prisoners who commit prohibited acts, as defined in 28 C.F.R. part 541, subpart A.

On October 15, 2014, an officer at the United States Penitentiary, Leavenworth ("USPL") saw petitioner carrying property out of another prisoner's cell. The officer directed petitioner to put down the property and leave the cell. The same day, the officer wrote an incident report charging petitioner with Stealing (Theft), in violation of Code 219. Petitioner received the report the same day, and staff advised him of his rights (Doc. #7, Attach. 1, Ex. D).

On October 16, 2014, petitioner appeared before the Unit Discipline Committee ("UDC") and gave a statement in which he denied stealing property. The UDC referred the matter to the Discipline Hearing Officer ("DHO"). On October 17, 2014, petitioner received a Notice of

Disciplinary Hearing and a written explanation of his rights. Petitioner signed both documents.

On November 5, 2014, the DHO conducted a hearing on the incident report. Petitioner appeared and again denied stealing the property. He stated that he took the property for safekeeping because the owner of the property was in segregated housing. Petitioner stated that he wanted to be sure the owner had access to hygiene supplies and coffee while housed in segregation. Petitioner did not request witnesses or offer evidence, though in his administrative appeal, he provided a statement from the other inmate stating that he had asked petitioner to pack his property if he did not return to the housing unit (Doc. #1, Exs., p. 6).[1]

The DHO considered the incident report, the investigation and a photograph and found petitioner guilty as charged. In particular, the DHO found that petitioner had no legitimate reason to be in the other inmate's cell. The DHO imposed as sanctions the loss of 27 days of GCT and the loss of privileges. The DHO informed petitioner of the decision and appeal procedures. On November 21, 2014, petitioner received the written DHO report (Doc. #7, Attach. 1, Ex. H).

Petitioner properly exhausted administrative appeals.

**Analysis**

Petitioner challenges the disciplinary action and broadly alleges procedural errors, including the validity of the incident report, the DHO findings and the sanctions imposed.

Prison officials satisfy due process requirements in an administrative disciplinary proceeding if a prisoner receives (1) 24 hours advance written notice of the claimed violation;

---

[1] Petitioner argues that Correctional Counselor Castellucci was not available to provide a written statement verifying that she told him to pack the other inmate's property (Doc. #1, p. 7). Because he did not present this claim at the DHO hearing or in his administrative appeal, the Court will not consider this claim. In any event, respondent submits an affidavit from Counselor Castellucci in which she denies ever instructing petitioner or any other inmate to pack another inmate's property (Doc. #7, Attach. 2).

2

(2) unless good cause exists, an opportunity to call witnesses and present documentary evidence; and (3) a written statement from the factfinder which explains the reason for the decision and the supporting evidence.  Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974).

Procedural due process requires "some evidence" to support disciplinary action. Superintendent v. Hill, 472 U.S. 445, 455 (1985).  Determining whether the standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."  The relevant question is whether any evidence in the record could support the conclusion reached by the disciplinary board.  Id. at 455-56.  A court applying this standard will uphold a disciplinary decision even if the supporting evidence is "meager."  Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996).

The Court finds no error in the record.  Petitioner received the due process protections established in Wolff, and the record shows adequate evidence to support the charge of stealing. Although petitioner presented an explanation of why he collected another inmate's property, the fact that he was not authorized to be in that inmate's cell and that he was in possession of the inmate's property, support the DHO finding that he was stealing the property.  This is sufficient to satisfy the "some evidence" standard.

Finally, the sanctions imposed are consistent with those available for a 200-level prohibited act.  See 28 C.F.R. § 541.3 Prohibited acts and available sanctions, Table 1.

**IT IS THEREFORE ORDERED** that the Petition For Writ of Habeas Corpus (Doc. #1) filed June 15, 2015 be and hereby is **DENIED**.

Dated this 20th day of May, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
